ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
P. GREG PARHAM
Assistant United States Attorney
California Bar Number 140310
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-6528
   Facsimile: (213) 894-7177
   E-mail: Greg.Parham@usdoj.gov

Attorneys for Plaintiff
United States of America

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  vs.<br><br>REAL PROPERTY LOCATED AT 110 BROADWAY STREET, COSTA MESA, CALIFORNIA, (CM 110, LLC),<br><br>     Defendant.<br>_____<br>CM 110, LLC, CALIFORNIA BANK & TRUST,<br><br>     Claimants.<br>_____ | SA CV 12-00080 CJC(ANx)<br><br>[PROPOSED]<br>**CONSENT JUDGMENT OF FORFEITURE** |

    This action was filed on January 18, 2012.  Notice was given and published in accordance with law.  Claimant and

1

titleholder CM 110, LLC, a California Limited Liability Company ("CM 110") filed a claim on February 14, 2012.  Claimant California Bank & Trust, a California corporation, assignee of the FDIC as Receiver for Vineyard Bank ("CB&T") filed a claim on February 29, 2012, in conjunction with the loan ("Loan") in the original principal amount of $1,300,000.00, as evidenced by a Promissory Note (the "Note") dated January 25, 2006 and executed by CM 110 in the original principal amount of $1,300,000.00, which Note is secured by, among other documents, a Deed of Trust (the "Deed of Trust"), dated January 25, 2006, executed by CM 110 and recorded with the Official Records for the County of Orange, State of California, as instrument no. 2006000067829.  (The Note, Deed of Trust and all other documents executed in connection with the Loan, or perfecting a security interest granted in connection with the Loan, shall hereinafter be referred to as the "Loan Documents.")  No other claims or answers have been filed, and the time for filing claims and answers has expired.  Plaintiff United States of America ("the government"), CM 110 and CB&T have reached an agreement that, without further litigation and without an admission of any wrongdoing, is dispositive of the government's claims against the defendant property, and hereby request that the Court enter this Consent Judgment of Forfeiture.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:**

1.  As used throughout, the following terms shall have the following meaning:  (a) "defendant property" shall mean the defendant real property located at 110 Broadway Street, in Costa Mesa, California; (b) "claimant's property" shall mean any real

1 property that CM 110 owns, maintains, controls or manages,
2 including, but not limited to, the defendant property; and (c)
3 "illegal purpose" shall mean any purpose that furthers or
4 facilitates the distribution or sale of marijuana in violation
5 of federal law, including, but not limited to, renting space to
6 a person or entity that sells or distributes marijuana or the
7 renting of space to or permitting the continued tenancy of any
8 person or entity that sells, distributes or facilitates the sale
9 or distribution of marijuana.
10     2.   This Court has jurisdiction over the parties to this
11 judgment and the subject matter of this action.
12     3.   On or about January 18, 2012, the government filed a
13 Complaint for Forfeiture pursuant to 21 U.S.C. § 881(a)(7)
14 against the defendant real property.
15     4.   CM 110 and CB&T filed claims to the defendant
16 property.  No other claimant has appeared in this action.
17     5.   Notice of this action has been given in accordance
18 with law.  No appearances having been made in this action by any
19 person other than CM 110 and CB&T, the Court deems that all
20 other potential claimants admit the allegations of the Complaint
21 to be true.  The Complaint states a claim for relief pursuant to
22 21 U.S.C. § 881(a)(7).
23     6.   CM 110 shall retain possession of and title to the
24 defendant property, and in consideration thereof, CM 110 and
25 CB&T agree to abide by the terms of this Agreement.  CM 110
26 shall lawfully use and occupy the defendant property in
27 accordance with the restrictions imposed by paragraph 7 below.
28 If CM 110 fails to comply with any of the terms of paragraph 7,

1 or if CB&T fails to comply with paragraph 8, or if applicable,
2 paragraph 7, the interest of the non-complying party or parties
3 in the defendant property shall be forfeited to the government
4 pursuant to paragraph 9 below.

5     7.  CM 110 (and CB&T, if it becomes the owner of the
6 defendant property under paragraph 8 below) shall not use or
7 occupy the defendant property for any illegal purpose (as
8 defined above), nor shall it allow the defendant property to be
9 used or occupied, for any illegal purpose.  CM 110 (and CB&T, if
10 required under paragraph 8 below) shall take reasonable
11 precautions to prevent any destruction to or diminution in value
12 of the defendant property and any fixtures thereto resulting
13 from any illegal purpose.  CM 110 (and CB&T, if required under
14 paragraph 8 below) shall not knowingly rent, lease or otherwise
15 allow the use or occupancy of any of claimant's property to (a)
16 any former tenant who used or occupied any of claimant's
17 property for any illegal purpose; or (b) any person CM 110 (and
18 CB&T, if required under paragraph 8 below) has reason to believe
19 may use or occupy the claimant's property for any illegal
20 purpose.  CM 110 (and CB&T, if required under paragraph 8 below)
21 shall not knowingly allow any of the claimant's property to be
22 listed in any advertisement, publication, directory or internet
23 site which advertises or indicates that marijuana is available
24 at the location of the claimant's property.[1]

25     8.    In the event that CB&T becomes the owner of the
26 defendant property whether as a result of foreclosure of the

27
28 [1]  The government is currently informed and believes that there is no location of any claimant's property currently listed in any such publications.

4

Deed of Trust or otherwise, CB&T acknowledges that it will be required to comply with the provisions of paragraph 7 above.

9. In the event that CM 110 (or CB&T, if it becomes the owner of the defendant property under paragraph 8 above) fails to comply with any of the terms of paragraph 7 of this Consent Judgment during the four (4) year period following the entry of this judgment, the entirety of each non-complying claimant's interest in the defendant property shall be ordered condemned and forfeited to the United States, subject to the "notice" and "cure" provisions set forth below.  In the event of forfeiture, the Orange County Recorder shall index this Judgment in the grantor index under the name of CM 110, LLC and in the grantee index in the name of the United States of America.  If the government believes that CM 110 or CB&T has failed to comply with any provision of paragraph 7, it shall provide written notice of such failure to CM 110 and CB&T (as well as their respective undersigned counsel), describing the provision believed to have been violated.  CM 110 and/or CB&T shall have fifteen (15) days from its receipt of such notice to cure the violation.  In order to cure the violation, CM 110 and/or CB&T shall immediately initiate steps which the government deems to be sufficient to cure the violation (e.g., initiation of an unlawful detainer action) and thereafter continue and complete all reasonable and necessary steps to produce compliance as soon as reasonably practicable.  If the violation is not cured within the 15-day period by initiating such steps, the government shall file a Notice of Non-Compliance and Forfeiture with the Court, setting out the violation and the failure of CM 110 or CB&T to

1  timely cure the violation.  The government shall provide
2  claimants with information supporting its allegation that there
3  has been non-compliance.  CM 110 and/or CB&T shall have fourteen
4  (14) court days from the filing of the Notice to file a motion
5  to seek relief from forfeiture, wherein the moving party may
6  argue that, among other things, it is an "innocent owner"
7  pursuant to 18 U.S.C. §983(d).  If such a motion is filed, the
8  government shall take no further action until the motion has
9  been determined.  If no such motion is timely filed, the
10 defendant property shall be forfeited to the United States on
11 the fifteenth (15th) day after the filing of the Notice of Non-
12 Compliance and Forfeiture, unless the Court orders otherwise.
13 Upon forfeiture under the terms of this paragraph, the
14 government shall have the right to take possession of the
15 defendant property without further order of the Court, and the
16 United States Marshals Service, or its representatives, shall,
17 without further order of the Court, proceed to take physical
18 possession of the defendant property and its fixtures, and may
19 evict any and all persons, pets, livestock, and personal
20 property from the defendant property as it deems necessary or
21 appropriate.  A "filed"-stamped copy of this Consent Judgment
22 accompanied by a "filed"-stamped copy of a Notice of
23 Noncompliance and Forfeiture and/or order of the Court, shall be
24 sufficient to establish the forfeiture of the defendant
25 property.  In the event that the defendant property is forfeited
26 to the government, CM 110 and CB&T agree that the United States
27 Marshals Service may proceed to sell the defendant property.
28 Thereafter, the United States Marshals Service, or its

representatives, shall promptly proceed to dispose of the defendant property and to distribute any proceeds from the sale in accordance with the law.

10. Upon the filing of this Consent Judgment, the United States Marshals Service, or its representatives, shall be allowed to enter the defendant property for purposes of inspection and inventory. Such entry shall be permitted by CM 110 and CB&T at a reasonable time to be agreed upon by the parties. Absent such agreement, the government may apply to the Court for a writ of entry for purposes of protecting the government's interests in the defendant property, in connection with which CM 110 or CB&T may request a hearing.

11. This consent judgment shall only be recorded in accordance with the provisions of paragraph 9 above.

12. The government shall immediately withdraw its recorded lis pendens upon entry of this Consent Judgment.

13. Except as otherwise set forth in this Consent Judgment and in particular paragraph 9 above, CM 110 and CB&T have released the United States of America, its agencies, agents, and officers, including, without limitation, employees and other representatives of the Drug Enforcement Administration, from any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees, costs or interest which may be asserted by them or on their behalf.

14. The parties shall each bear their own costs and attorneys' fees in this action without waiver of CB&T's rights

to recover its costs and attorney's fees incurred in this action from CM 110 pursuant to the terms and conditions of the governing Loan Documents.

15. The Court shall retain jurisdiction over this matter to enforce the provisions of this Consent Judgment.

16. All notices and other communications provided for in this Consent Judgment shall be in writing and shall be effective when given on the earliest of the following dates: (i) the date when actually delivered if delivered in person to the recipient; (ii) on the first (1st) business day after depositing such notice with a reputable independent nationally-recognized overnight courier service addressed to the recipient as set forth below; or (iii) on the third (3rd) day after depositing such notice in a sealed envelope in the United States mail, postage prepaid, by registered or certified mail, return receipt requested, addressed to, except as otherwise provided in this Consent Judgment, the recipient at the address set forth below:

To the Government: P. Greg Parham, Assistant U.S. Attorney, Asset Forfeiture Section, 312 N. Spring Street, 14th Floor, Los Angeles, CA 90012.

To CM 110: Fritz Howser, General Manager, 6306 W. Coast Hwy., Newport Beach, CA 92663; with a copy to James D. Riddet, Stokke & Riddet, 4100 Newport Place, Newport Beach, CA 92660-1407.

To CB&T: Richard N. Kasner, Vice President, California Bank & Trust, 1900 Main Street, Suite 150, Irvine, CA 92614; with a copy to Mia S. Blackler, Esq., Buchalter Nemer PC, 55 Second Street, 17th Floor, San Francisco, CA 94105.

Any notice so given by mail shall be deemed to have been given as of the date of delivery (whether accepted or refused) established by the U.S. Post Office return receipt or the overnight courier's proof of delivery, as the case may be.

Dated: June 14, 2012      _____
                          THE HONORABLE CORMAC J. CARNEY
                          UNITED STATES DISTRICT JUDGE

Approved as to Content:

DATED:      __, 2012      ANDRÉ BIROTTE JR.
                          United States Attorney
                          ROBERT E. DUGDALE
                          Assistant United States Attorney
                          Chief, Criminal Division
                          STEVEN R. WELK
                          Assistant United States Attorney
                          Chief, Asset Forfeiture Section


                          _____
                          P. GREG PARHAM
                          Assistant United States Attorney

                          Attorneys for Plaintiff
                          United States of America

DATED:      __, 2012      CM 110, LLC

                          By: _____

                          Name: _____

                          Title: _____


DATED:      __, 2012      CALIFORNIA BANK & TRUST, a California
                          corporation, assignee of the FDIC as
                          Receiver for Vineyard Bank

                          By: _____

                          Name:  Richard N. Kasner

```
 1                                    Title:  Vice President, Special Assets
                                              Department
 2

 3   **Approved as to form:**

 4

 5
     DATED:         __, 2012           _____
 6                                     JAMES D. RIDDET
                                       Attorney for Claimant
 7                                     CM 110, LLC

 8
     DATED:         __, 2012           _____
 9                                     MIA S. BLACKLER
                                       Attorney for Claimant
10                                     CALIFORNIA BANK & TRUST, a California
                                       corporation, assignee of the FDIC as
11                                     Receiver for Vineyard Bank

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         10
```